FILED
AUG 18 2017
DISCIPLINARY BOARD

BEFORE THE
DISCIPLINARY BOARD
OF THE
WASHINGTON STATE BAR ASSOCIATION

In re

DAVID DOUGLAS HANCOCK,

Lawyer

WSBA No. 42271

Proceeding No. 15#00039

NOTICE OF SUSPENSION

PLEASE TAKE NOTICE that by decision of the Washington Supreme Court entered the 11th day of August, 2017, lawyer David Douglas Hancock, who practices in the City of Ogden, UT, was suspended from the practice of law in the State of Washington for a period of one (1) year, effective August 18, 2017. For more information, you may access the WSBA website, www.wsba.org or contact Jennifer Olegario, Communications Manager, at jennifero@wsba.org or (206) 727-8212.

DATED this ____ day of August, 2017.

WASHINGTON STATE BAR ASSOCIATION

_____
Paula C. Littlewood
Executive Director

CERTIFICATE OF SERVICE

I certify that I caused a copy of the Notice of Suspension to be delivered to the Office of Disciplinary Counsel and to be mailed to David Hancock Respondent/Respondent's Counsel at PO Box 202 Ogden, UT 84402, by Certified/first class mail, postage prepaid on the 18th day of Aug, 2017.

_____
Clerk/Counsel to the Disciplinary Board

Notice of Suspension
Page 1 of 1

WASHINGTON STATE BAR ASSOCIATION
1325 Fourth Avenue – Suite 600
Seattle, WA 98101-2539
(206) 727-8207

RECEIVED
AUG 11 2017

# THE SUPREME COURT OF WASHINGTON

| | |
|---|---|
| IN RE: ) | BAR NO. 42271 |
| ) | |
| ) | Supreme Court No. |
| ) | 201,666-9 |
| DAVID DOUGLAS HANCOCK, ) | |
| ) | ORDER APPROVING |
| ATTORNEY AT LAW. ) | STIPULATION TO SUSPENSION |
| ) | |

FILED
AUG 11 2017
WASHINGTON STATE
SUPREME COURT

This matter came before the Court on the Washington State Bar Association Disciplinary Board's Order Approving Stipulation to One-Year Suspension pursuant to ELC 9.1(c)(2), entered into by David Douglas Hancock and WSBA Disciplinary Counsel on May 22, 2017. The Court reviewed the order and the stipulation and determined unanimously that an order approving the Stipulation to Suspension should be entered. Now, therefore, it is

ORDERED:

David Douglas Hancock is suspended from the practice of law for one year. Pursuant to ELC 13.2, the effective date of suspension is seven days from the date of this order. Mr. Hancock shall comply with the terms of the stipulation including payment of $1,000 to the Court of Appeals as ordered in the Scottye Miller matter and to the Washington State Bar Association for attorney fees and administrative costs of $750 in accordance with ELC 13.9, plus actual costs of $900.

DATED at Olympia, Washington this 11th day of August, 2017.

For the Court

Fairhurst, CJ.
CHIEF JUSTICE

FILED
JUL 2 4 2017
DISCIPLINARY BOARD

BEFORE THE
DISCIPLINARY BOARD
OF THE
WASHINGTON STATE BAR ASSOCIATION

In re

**DAVID DOUGLAS HANCOCK,**

Lawyer (WSBA No. 42271)

Proceeding No. 15#00039

ORDER APPROVING STIPULATION TO ONE-YEAR SUSPENSION

This matter came before the Disciplinary Board for approval of a stipulation to one-year suspension. On review of the May 22, 2017, Stipulation to One-Year Suspension,

IT IS ORDERED that the Stipulation is approved.[1]

Dated this 24th day of July, 2017.

Michele Carney
Disciplinary Board Chair

CERTIFICATE OF SERVICE

I certify that I caused a copy of the *Order Approving Stip to One Year Suspension* to be delivered to the Office of Disciplinary Counsel and to be mailed to *David Hancock* Respondent/Respondent's Counsel at *PO Box 902 Ogden, UT 84402* by Certified/first class mail, postage prepaid on the 24th day of July, 2017.

Clerk/Counsel to the Disciplinary Board

---

[1] The vote on this matter was unanimous. Those voting were: Carney, Silverman, Louvier, Startzel, Byerly, Cottrell, Patneaude, Myers and Cornelius.

Order Approving Stipulation
Page 1 of 1

WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207



FILED
JUL 24 2017
DISCIPLINARY BOARD

BEFORE THE
DISCIPLINARY BOARD
OF THE
WASHINGTON STATE BAR ASSOCIATION

| | |
|---|---|
| In re<br><br>**DAVID DOUGLAS HANCOCK,**<br><br>Lawyer (Bar No. 42271). | Proceeding No. 15#00039<br><br>ODC File Nos. 14-00971, 15-00003,<br><br>15-00207, & 16-00642<br><br>STIPULATION TO SUSPENSION |

Under Rule 9.1 of the Rules for Enforcement of Lawyer Conduct (ELC), and following a settlement conference conducted under ELC 10.12(h), the following Stipulation to Suspension is entered into by the Office of Disciplinary Counsel (ODC) of the Washington State Bar Association (Association) through disciplinary counsel Debra Slater and Respondent lawyer David Douglas Hancock.

Respondent understands that he is entitled under the ELC to a hearing, to present exhibits and witnesses on his behalf, and to have a hearing officer determine the facts, misconduct and sanction in this case. Respondent further understands that he is entitled under the ELC to appeal the outcome of a hearing to the Disciplinary Board, and, in certain cases, the Supreme Court. Respondent further understands that a hearing and appeal could result in an

Stipulation to Discipline
Page 1

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

outcome more favorable or less favorable to him. Respondent chooses to resolve this proceeding now by entering into the following stipulation to facts, misconduct, and sanction to avoid the risk, time, and expense attendant to further proceedings.

## I. ADMISSION TO PRACTICE

1. Respondent was admitted to practice law in the State of Washington on February 1, 2010.

## II. STIPULATED FACTS

### Melanie Vallee Matter

2. Respondent represented Melanie Vallee regarding her ex-husband's intent to relocate their minor daughter. Vallee delivered three binders to Respondent that contained paperwork relevant to her case.

3. The matter was mediated on October 16, 2013, and the parties reached a settlement. The mediator prepared a CR2A settlement agreement that was signed by the parties and their respective lawyers. The CR2A agreement provided that Vallee was required to execute final orders consistent with the terms of the CR2A agreement within five days of receiving the orders and return them to Alan Ruder, Vallee's lawyer, within seven working days of receiving the proposed orders. Respondent received the orders on October 24, 2013.

4. On October 17, 2013, Ruder filed a Notice of Settlement which provided that if final papers were not filed within forty five days, the clerk may dismiss the case. On November 6, 2013, Ruder sent Respondent an email reminding him to sign the orders and return them to him. The email set November 8, 2013, as the deadline for Respondent to return the signed documents.

5. On November 8, 2013, Respondent informed Ruder that he would provide the

Stipulation to Discipline
Page 2

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

documents to him by November 11, 2013. Respondent did not provide the signed documents to Ruder by November 11, 2013, as promised.

6. On November 12, 2013, Ruder sent Respondent another email reminder. Respondent did not respond, nor did he sign and return the documents to Ruder. Respondent did not inform Vallee that he had not signed and returned the documents.

7. On November 19, 2013, Ruder filed a Motion to Enforce CR2A Agreement. The motion requested $1,000 in attorney fees. The hearing on the motion was set for December 5, 2013. Respondent received notice of the motion and hearing, but did not inform Vallee that the motion had been filed, nor did he inform her of the hearing date. Respondent did not appear at the December 5, 2013, hearing. The court entered an Order on Motion to Enforce the CR2A Agreement. The Order included a $1,000 judgment against Vallee for attorney fees. Respondent did not provide Vallee with a copy of the final orders or the CR2A Agreement. Despite Vallee's repeated requests that Respondent return her binders to her, he did not promptly return the binders to her. Eventually, he delivered the binders to disciplinary counsel who forwarded them to Vallee.

**Scottye Miller Matter**

8. Respondent represented Scottye Miller in King County Superior Court Case No. 12-1-06488-8. Miller was found guilty of Murder in the First Degree with pre-meditation and sentenced to 50 years in prison. Respondent agreed to file a Notice of Appeal on behalf of Miller. The Notice of Appeal was due within 30 days of Miller's sentencing, which took place on January 10, 2014. Respondent filed the Notice of Appeal, but it was not timely filed.

9. On March 26, 2014, Respondent was notified by the Clerk of the Court of Appeals that the appeal had not been timely filed, nor had the filing fee been paid or an Order of

Stipulation to Discipline
Page 3

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

Indigency filed. Respondent was directed to file a Motion for Extension of Time to File the Notice of Appeal and pay the filing fee or file an Order of Indigency. Respondent was also notified that Commissioner Neel would consider dismissal of the appeal and imposition of sanctions if the documents were not filed within 30 days. The matter was set on Commissioner Neel's May 9, 2014 motion calendar. Respondent did not file a Motion to Extend Time to File the Notice of Appeal, pay the filing fee, or obtain an Order of Indigency, as directed by the court. Respondent did not appear at the May 9, 2014 hearing before Commissioner Neel.

10. The court's motions were continued to June 20, 2014. Respondent was told to assist Miller "in addressing these deficiencies." Respondent did not file the motions or other documents, did not assist Miller, nor did he appear at the June 20, 2014 hearing. Because he did not appear at the hearing, $250 in sanctions was imposed on Respondent. The court's Motion to Dismiss the Appeal was continued to August 1, 2014.

11. On July 25, 2014, Respondent paid the filing fee. He did not appear at the August 1, 2014 hearing. On August 4, 2014, Commissioner Neel sent Respondent a letter, noting that the filing fee had been paid but that Respondent still had not addressed the untimeliness of the Notice of Appeal. A hearing was set for August 22, 2014. Respondent did not file anything with the court, nor did he appear at the August 22, 2014 hearing.

12. On August 26, 2014, Commissioner Neel advised Respondent that he must either demonstrate that the Notice of Appeal was timely filed or file a Motion for Extension of Time. The court's Motion to Dismiss the Appeal was continued to September 26, 2014. Respondent did not demonstrate the appeal was timely filed, nor did he file a Motion for Extension of time or appear at the September 26, 2014 hearing. The court continued the hearing to October 10, 2014. The court advised Respondent that if he failed to appear, he would be sanctioned $1,000.

Stipulation to Discipline
Page 4

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

1  Respondent did not appear at the October 10, 2014 hearing or file the Motion for Extension of

2  Time. The court imposed $1,000 in sanctions and continued the motion to October 31, 2014.

3  The court advised Respondent that $5,000 in sanctions would be imposed if he failed to appear

4  or respond.

5     13. On November 3, 2014, Respondent filed the Motion for Extension of Time, which

6  was granted. The court noted that before Respondent could withdraw, he needed to file a

7  Motion for Order of Indigency so appellate counsel could be appointed to represent Miller. A

8  hearing was set for December 5, 2014. Respondent did not appear on December 5, 2014. The

9  court ordered that a Motion for an Order of Indigency be filed in the trial court by December 15,

10 2014. Respondent did not file the motion. He was ordered to appear on January 16, 2015 or

11 sanctions of $2,000 would be imposed. Respondent filed the Motion for an Order of Indigency

12 in the trial court on January 30, 2015.

13    **Anthony Scruggs Matter**

14    14. Anthony Scruggs hired Respondent to represent him on a DUI charge in Snohomish

15 County District Court. Scruggs and Respondent entered into a written fee agreement in which

16 Scruggs agreed to pay a flat fee of $3,000. Scruggs paid $1,000, and the remainder was to be

17 paid in monthly installments of $250.

18    15. Scruggs was arraigned on November 13, 2014. Respondent appeared with Scruggs

19 but arrived 90 minutes late. A pretrial hearing was scheduled for January 9, 2015.

20    16. Scruggs appeared at the January 9, 2015 hearing, but Respondent failed to appear.

21 The court clerk telephoned Respondent and left messages for Respondent at the telephone

22 numbers on file with the court. Respondent did not return the clerk's telephone calls.

23    17. The hearing was reset for January 20, 2015. A notice of the new date was sent to

24 Stipulation to Discipline
Page 5

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

1 | Respondent. The court clerk also telephoned Respondent and left a message advising him of
2 | the new hearing date.
3 |     18. Scruggs repeatedly telephoned Respondent, sent him text messages, and sent him
4 | emails seeking information about his case. Respondent did not respond to Scruggs or otherwise
5 | communicate with Scruggs about his case.
6 |     19. Respondent did not appear at the January 20, 2015 hearing, and terms of $400 were
7 | assessed against him for his failure to appear. The matter was continued until March 6, 2015, so
8 | Scruggs could hire new counsel. Respondent withdrew on March 6, 2015.
9 | **James Mullins Matter**
10 |     20. James Mullins was charged with Second Degree Murder in May 2014 and
11 | Tampering with a Witness in January 2015 in King County Superior Court. Mullins was
12 | represented by four lawyers before he hired Respondent in January 2016.
13 |     21. Respondent represented Mullins on multiple pre-trial motions and at trial.
14 | Respondent spent a total of approximately 265 hours on Mullins' case.
15 |     22. Respondent and Mullins developed a defense strategy based on the fact that Mullins
16 | acted in self-defense.
17 |     23. Mullins' case was tried to a jury in June 2016. Mullins was found guilty of Murder
18 | in the Second Degree with a Firearm and Tampering with a Witness. He was sentenced to 244
19 | months in prison.
20 |     24. Respondent failed to subpoena a medical witness who might have corroborated
21 | Mullins' story that he acted in self-defense.
22 |               **III. STIPULATION TO MISCONDUCT**
23 |     25. By failing to communicate with Vallee regarding the status of her case, Respondent

Stipulation to Discipline
Page 6

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

1  violated RPC 1.4(a)(3) and (4), and RPC 1.4(b).

2  26. By failing to sign and return the Vallee orders to opposing counsel within the
3  required time frame and by failing to appear at the December 5, 2013 hearing, Respondent
4  violated RPC 1.3.

5  27. By failing to return Vallee's binders to her, despite her repeated requests for him to
6  do so, Respondent violated RPC 1.15A(f) and RPC 1.16(d).

7  28. By failing to file the Motion to Extend Time to File Miller's Notice of Appeal,
8  failing to appear at hearings, and failing to file the Order of Indigency, Respondent violated
9  RPC 1.3.

10  29. By failing to expedite Miller's appeal, Respondent violated RPC 3.2.

11  30. By failing to follow the court's directives, and/or by repeatedly failing to appear at
12  hearings, Respondent violated RPC 8.4(d) and RPC 8.4(j).

13  31. By failing to appear at the January 9, 2015 and January 20, 2015 hearings for
14  Scruggs, Respondent violated RPC 1.3, RPC 3.2, and RPC 8.4(d).

15  32. By failing to communicate with Scruggs about his case, Respondent violated RPC
16  1.4.

17  33. By failing to subpoena a witness in the Mullins matter who might have corroborated
18  Mullins self-defense theory, Respondent violated RPC 1.3.

19  ### IV. PRIOR DISCIPLINE

20  34. Respondent has no prior discipline.

21  ### V. APPLICATION OF ABA STANDARDS

22  35. The following American Bar Association <u>Standards for Imposing Lawyer Sanctions</u>
23  (1991 ed. & Feb. 1992 Supp.) attached as Exhibit A, apply to this case:

24  
Stipulation to Discipline
Page 7

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

36. ABA Standard 4.1 is most applicable to violations of RPC 1.15A.

37. Respondent acted knowingly in failing to return Vallee's binders to her. The binders contained all of the paperwork pertaining to her dissolution and subsequent proceedings. There was injury to Vallee as she was inconvenienced when she consulted with her new lawyer and did not have her paperwork. The presumptive sanction is suspension.

38. ABA Standard 4.4 is most applicable to violations of RPC 1.3 and RPC 1.4.

39. Respondent acted knowingly in failing to diligently represent Vallee, Scruggs, and Mullins, and in failing to communicate with his clients. He acted knowingly in failing to diligently represent Miller and failing to perfect his appeal. His conduct injured Vallee. A judgment was entered against Vallee because Respondent did not timely sign and return the orders and because neither he nor Vallee appeared at the December 5, 2013 hearing. Vallee had to consult and pay a new lawyer to fix the consequences of Respondent's conduct. There was injury to Miller as he was deprived of the opportunity to have his appeal heard by the court in a timely manner. There was injury to Scruggs as his case took months longer than it should have and he suffered unnecessary stress and uncertainty. There was injury to Mullins as Respondent's failure to subpoena the witness might have affected the outcome of his case. The presumptive sanction is suspension.

40. ABA Standard 6.2 is most applicable to violations of RPC 3.2 and RPC 8.4(d).

41. Respondent acted knowingly in failing to comply with the court's directives and in failing to respond or appear at the hearings set by the court. There was injury to the legal system. Respondent's failure to appear at hearings and file the motion and order of indigency burdened the legal system and wasted the court's time and resources. Respondent acted knowingly in failing to appear at the hearings in Scruggs case. The court had to schedule

Stipulation to Discipline
Page 8

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

additional hearings due to Respondent's failure to appear, which took additional court time and resources. The presumptive sanction is suspension.

42. The following aggravating factors apply under ABA Standard 9.22:

(c) a pattern of misconduct; and
(d) multiple offenses.

The following mitigating factors apply under ABA Standard 9.32:
(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems [Respondent was suffering from Major Depressive Disorder that affected his ability to handle his cases];
(f) inexperience in the practice of law [Respondent was admitted in Washington in February 2010]; and
(l) remorse.

43. It is an additional mitigating factor that Respondent has agreed to resolve this matter at an early stage of the proceedings.

44. On balance the aggravating and mitigating factors do not require a departure from the presumptive sanction.

## VI. STIPULATED DISCIPLINE

45. The parties stipulate that Respondent shall receive a one year suspension for his conduct.

46. Respondent shall be subject to probation for a period of one year beginning on the date Respondent is reinstated to the practice of law.

47. The conditions of probation are set forth below. Respondent's compliance with these conditions will be monitored by the Probation Administrator of the Office of Disciplinary Counsel ("Probation Administrator"). Failure to comply with a condition of probation listed herein may be grounds for further disciplinary action under ELC 13.8(b).

Stipulation to Discipline
Page 9

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

Practice Monitor

    (a) During the period of probation, Respondent's practice will be supervised by a practice monitor. The practice monitor must be a WSBA member with no record of public discipline and who is not the subject of a pending public disciplinary proceeding.

    (b) The role of the practice monitor is to consult with and provide guidance to Respondent regarding case management, office management, and avoiding violations of the Rules of Professional Conduct, and to provide reports and information to the Probation Administrator regarding Respondent's compliance with the terms of probation and the RPC. The practice monitor does not represent the Respondent.

    (c) At the beginning of the probation period, the Probation Administrator will select a lawyer to serve as practice monitor for the period of Respondent's probation.

        i) Initial Challenge: If, within 15 days of the written notice of the selection of a practice monitor, Respondent sends a written request to the Probation Administrator that another practice monitor be selected, the Probation Administrator will select another practice monitor. Respondent need not identify any basis for this initial request.

        ii) Subsequent Challenges: If, after selection of a second (or subsequent) practice monitor, Respondent believes there is good cause why that individual should not serve as practice monitor, Respondent may, within 15 days of notice of the selected practice monitor, send a written request to the Probation Administrator asking that another practice monitor be selected. That request must articulate good cause to support the request. If the Probation Administrator agrees, another practice monitor will be selected. If the Probation Administrator disagrees, the Office of Disciplinary Counsel will submit its proposed selection for practice monitor to the Chair of the Disciplinary Board for appointment pursuant to ELC 13.8(a)(2), and will also provide the Chair with the Respondent's written request that another practice monitor be selected.

    (d) In the event the practice monitor is no longer able to perform his or her duties, the Probation Administrator will select a new practice monitor at his or her discretion.

    (e) During the period of probation, Respondent must cooperate with the named practice monitor. Respondent must meet with the practice monitor at least once per month. Respondent must communicate with the practice monitor to schedule all required meetings.

    (f) The Respondent must bring to each meeting a current, complete written list of all pending client legal matters being handled by the Respondent. The list must identify the current status of each client matter and any problematic issues regarding each

Stipulation to Discipline
Page 10

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

client matter. The list may identify clients by using the client's initials rather than the client's name.

(g) At each meeting, the practice monitor will discuss with Respondent practice issues that have arisen or are anticipated. In light of the conduct giving rise to the imposition of probation, ODC recommends that the practice monitor and Respondent discuss [*choose all that apply or insert other applicable topics:* whether Respondent is diligently making progress on each client matter, whether Respondent is in communication with each client, whether Respondent has promptly billed each client, whether Respondent's fee agreements are consistent with the RPC and are understandable to the client, whether Respondent needs to consider withdrawing from any client matters.] Meetings may be in person or by telephone at the practice monitor's discretion. The practice monitor uses discretion in determining the length of each meeting.

(h) The practice monitor will provide the Probation Administrator with quarterly written reports regarding Respondent's compliance with probation terms and the RPC. Each report must include the date of each meeting with Respondent, a brief synopsis of the discussion topics, and a brief description of any concerns the practice monitor has regarding the Respondent's compliance with the RPC. The report must be signed by the practice monitor. Each report is due within 30 days of the completion of the quarter.

(i) If the practice monitor believes that Respondent is not complying with any of his ethical duties under the RPC or if Respondent fails to schedule or attend a monthly meeting, the practice monitor will promptly communicate that to the Probation Administrator.

(j) Respondent must make payments totaling $1,000 to the Washington State Bar Association to defray the costs and expenses of administering the probation, as follows:

    1. $250 due within 30 days of the start of the probation;

    2. $250 due within 6 months of the start of the probation period;

    3. $250 due within 12 months of the start of the probation period; and

    4. $250 due within 18 months of the start of the probation period.

All payments should be provided to the Probation Administrator for processing.

## VII. RESTITUTION

48. Respondent has paid restitution to Melanie Vallee.

49. Respondent has paid restitution to Anthony Scruggs.

Stipulation to Discipline
Page 11

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

50. Respondent shall pay $1,000 to the Court of Appeals as ordered in the Scottye Miller matter. Reinstatement from suspension is conditioned on payment of restitution.

51. No restitution is to be paid to James Mullins.

## VIII. COSTS AND EXPENSES

52. In light of Respondent's willingness to resolve this matter by stipulation at an early stage of the proceedings, Respondent shall pay attorney fees and administrative costs of $750 in accordance with ELC 13.9, plus actual costs of $900. The Association will seek a money judgment under ELC 13.9(l) if these costs are not paid within 30 days of approval of this stipulation. Reinstatement from suspension is conditioned on payment of costs.

## IX. VOLUNTARY AGREEMENT

53. Respondent states that prior to entering into this Stipulation he had an opportunity to consult independent legal counsel regarding this Stipulation, that Respondent is entering into this Stipulation voluntarily, and that no promises or threats have been made by ODC, the Association, nor by any representative thereof, to induce the Respondent to enter into this Stipulation except as provided herein.

54. Once fully executed, this stipulation is a contract governed by the legal principles applicable to contracts, and may not be unilaterally revoked or modified by either party.

## X. LIMITATIONS

55. This Stipulation is a compromise agreement intended to resolve this matter in accordance with the purposes of lawyer discipline while avoiding further proceedings and the expenditure of additional resources by the Respondent and ODC. Both the Respondent lawyer and ODC acknowledge that the result after further proceedings in this matter might differ from the result agreed to herein.

Stipulation to Discipline
Page 12

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

56. This Stipulation is not binding upon ODC or the respondent as a statement of all existing facts relating to the professional conduct of the respondent lawyer, and any additional existing facts may be proven in any subsequent disciplinary proceedings.

57. This Stipulation results from the consideration of various factors by both parties, including the benefits to both by promptly resolving this matter without the time and expense of hearings, Disciplinary Board appeals, and Supreme Court appeals or petitions for review. As such, approval of this Stipulation will not constitute precedent in determining the appropriate sanction to be imposed in other cases; but, if approved, this Stipulation will be admissible in subsequent proceedings against Respondent to the same extent as any other approved Stipulation.

58. Under Disciplinary Board policy, in addition to the Stipulation, the Disciplinary Board shall have available to it for consideration all documents that the parties agree to submit to the Disciplinary Board, and all public documents. Under ELC 3.1(b), all documents that form the record before the Board for its review become public information on approval of the Stipulation by the Board, unless disclosure is restricted by order or rule of law. Under ELC 3.1(b), all documents that form the record before the Hearing Officer for his or her review become public information on approval of the Stipulation by the Hearing Officer, unless disclosure is restricted by order or rule of law.

59. If this Stipulation is approved by the Hearing Officer, Disciplinary Board, and Supreme Court, it will be followed by the disciplinary action agreed to in this Stipulation. All notices required in the Rules for Enforcement of Lawyer Conduct will be made.

60. If this Stipulation is not approved by the Hearing Officer, Disciplinary Board, and Supreme Court, this Stipulation will have no force or effect, and neither it nor the fact of its

Stipulation to Discipline
Page 13

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

1 execution will be admissible as evidence in the pending disciplinary proceeding, in any
2 subsequent disciplinary proceeding, or in any civil or criminal action.

3     WHEREFORE the undersigned being fully advised, adopt and agree to this Stipulation
4 to Discipline as set forth above.

5

6 _____    Dated: May 16, 2017
   David Douglas Hancock, Bar No. 42271
7    Respondent

8

9 _____    Dated: May 22, 2017
   Debra Slater, Bar No. 18346
10    Disciplinary Counsel

11

12

13

14

15

16

17

18

19

20

21

22

23

24 Stipulation to Discipline
Page 14

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA  98101-2539
(206) 727-8207